THOMSON C. BROWN, plaintiff in error, vs. WILLIAM C. GILL, defendant in error.

1. An affidavit of illegality to an execution having been filed on the ground of want of service, it was incumbent on the defendant to have produced the record of the suit and to have supported the allegations in his affidavit by evidence, the presumption of the law being in favor of the validity of the judgment.

2. It appearing from the evidence that the execution had been assigned by the original plaintiff, in whose name it was then proceeding, to another, who had since died, there being no written evidence thereof, it was not error in the Court to disallow a motion to suggest the death of the transferee upon the record, and to continue the case until his estate was represented.

3. Grounds other than those taken in the affidavit of illegality, cannot be insisted on at the hearing.

Illegality. Judgment. Execution. Practice in the Superior Court. Before Judge CLARK. Lee Superior Court. March Term, 1873.

For the facts of this case, see the decision.

VASON & DAVIS; PHIL. COOKE, for plaintiff in error.

HINES & HOBBS; W. A. HAWKINS, for defendant.

WARNER, Chief Justice.

This was an affidavit of illegality made by the defendant to an execution which had been levied on his property, on the ground that he was never notified or knew of the existence of said suit, and did not know of it until after the judgment was obtained. On the trial of the issue formed on this affidavit, the Court charged the jury, that as the defendant had introduced no evidence to show that he was not served, they were bound to presume in favor of the regularity of legal proceedings, and in the absence of any proof they should find against the defendant. To which charge the defendant excepted. We find no error in this charge of the Court, on the statement of facts contained in the record. It was incumbent on

the defendant to have produced the record of the suit in which the judgment was obtained in order to have supported his allegation in his affidavit of the want of such notice and service as the law requires, the presumption of the law being in favor of the validity of the judgment: Code, 3700, 3705, 3706. On the trial of the issue, the plaintiff, in whose name the judgment was obtained and the execution issued, testified that he had now no interest in the judgment debt, that he had transferred and assigned it since it was in judgment, to Lasseter, to whom he was indebted, and that Lasseter was dead. The defendant then made a motion to suggest the death of Lasseter upon the record, and to have the case continued until the estate of Lasseter was represented. This motion the Court overruled, holding that the case could well proceed in the name of the original plaintiff in the judgment for the use of the estate of Lasseter, to which ruling the defendant excepted. The defendant, in his affidavit of illegality, did not allege as one of his grounds of illegality to the execution, that it was proceeding against him in the name of an improper party, or that the plaintiff had no interest in it; nor did he propose to amend his affidavit of illegality so as to include that ground, and therefore that was not one of the questions in issue and on trial, and the evidence as to that question was irrelevant to the issue made by the defendant's affidavit of illegality to the execution. But, in our opinion, the original plaintiff in the judgment in this case could collect the same from the defendant therein, and when paid by him such payment will be a sufficient protection against that judgment. We are unable to see what interest it is of the defendant, or how it should concern him, as to what may be the rights of Lasseter's estate in the judgment and execution. When the defendant pays off the execution to the sheriff he will be protected, and if the judgment and execution was the property of Lasseter at the time of his death, then the plaintiff therein, if he receives the money, will hold it in trust for the benefit of Lasseter's legal representatives; that, however,

was a question entirely outside of the issue made by the defendant's affidavit of illegality.

The legal title to the judgment and execution being in the plaintiff named therein (there being no written evidence of any assignment thereof,) when the defendant shall pay the amount due thereon to the sheriff, with ten per cent. damages for delay in bringing the case to this Court, he need not give himself any further trouble about the claim of Lasseter's estate to the judgment, or its legal representatives.

Let the judgment of the Court below be affirmed, with damages.